Nott, J.,
concurring:
The point upon which this case turns was not argued at the trial, and if the point were a new one I should be in favor of remanding the case for argument upon it. But the question was carefully considered in Curtis’s Case, (2 C. Cls. R., 144,) and then determined.
The distinctive peculiarities of this and the Curtis Case which distinguish them, I believe, from every other case of contract that has ever been before the court, are, first, that Congress placed in the statute authorizing the work an express limitation as to its cost j and, second, that the claimant in each case chanced to be the sole contractor to whom the entire amount prescribed by each statute was paid.
That Congress have power to limit the cost of a public work, and that a contractor who has done all the work and received all the money which the executive branch of the Government was authorized to expend cannot recover more, are propositions as to which I entertained no doubt when the Curtis Case was decided, and as to which I entertain no doubt now. In all matters of public expenditure Congress must be regarded as the principal, and an executive department as the agent. Such has been the principle repeatedly declared here, and to all intents and purposes approved by the Supreme Court. (Roberts’s Case, 11 C. Cls. R., 98.)
When a principal limits the authority of his agent as to the amount of indebtedness for which the latter may bind the former, and the other contracting party has notice, so that in legal effect it is as well known to him as though it were written on the face of the contract, it does not lie in his power knowingly to involve the principal in any greater indebtedness. Whether a contractor whose contract, services, and demand were within the limitation of the statute would be. chargeable with notice of other contracts made with third persons in excess of the limitation, or would be compelled to suffer because the publicfagents had wrongfully exceeded their authority, as to which he was innocent, is a question which, not being before the court, it is needless to speculate upon. All that is involved here now is the question whether an agent of the Government and a contractor can involve the Government, by any form or complexity of con *163 tract, in a greater amount of expenditure than that to which Congress have expressly limited their transactions.
I have not alluded to the provision of the Constitution that "no money shall be drawn from the Treasury but in consequence of appropriations made by law,” (Art. 1, § 9,) because the provision has nothing to do with cases like this. When the Constitution was framed it was necessary to put the control of the public expenditure somewhere, and the framers of the Constitution gave that control to the legislative branch. The Constitution virtually says to the executive officers, “ You are the immediate custodians of the public moneys, but you shall not pay them away except where you are specifically authorized so to do by Congress.” The provision is, in effect, an inhibition upon the Treasury, and upon it alone. It does not prevent Congress from making subsequent appropriations for work done without prior authority, nor prevent the judiciary from acting upon legal rights committed to them by law. If a public work were to be undertaken requiring twenty years of time, and involving $20,000,000 of expenditure, it would be an absurdity to require Congress to appropriate $20,000,000 at the outset; and it would be equally a mischief if, Congress appropriating only $1,000,000 toward the work, an Executive Department should be compelled thereby to make all its contracts as though $1,000,000 would be all that would ever be appropriated. From the first it has been the policy of the Government to appropriate for public works no more money than may be required for the current fiscal year; and the validity of contracts has been deemed to depend upon the authority of the executive officers to contract, which'in some cases might be implied from appropriations, and in others might be entirely independent of them. Appropriations are properly the means for satisfying indebtedness, existent or prospective; but the means for satisfying a debt are not a necessary condition to an authority to contract one. If Congress authorize a court to render judgments against the Government, and appropriate money to pay those judgments, the obligation of the Constitution is complied . with. Unquestionably Congress have complete control over the expenditures of the nation — unquestionably the authority of the executive officers to incur national indebtedness must be derived directly or impliedly from the legislative branch; but these are not good reasons why a constitutional provision designed for one purpose should be applied to another.
*164 In the case now before us, it remains to be noted that Congress by subsequent appropriations exceeded the limitation which was at first imposed. On the one hand, I think these should inure to the benefit of a contractor as an extension of the limitation; but, on the other hand, I think that they do not by implication repeal all restriction upon the Secretary of the Treasury. It would not lie in the mouth of the defendants to say that this contract before us is void because it in terms exceeds tlie amount originally specified as the limit of expenditure in the first statute; neither will it do for the claimants to say, .because Congress placed a larger sum at the disposal of the Secretary of the Treasury than was at first authorized, that thereby all restrictions upon him were removed, and he was at liberty to involve the Government in whatever amount of indebtedness for this work he in his discretion thought advisable. The subsequent appropriations, I think, merely relate back to the first statute, and in effect change the amount therein prescribed.
My conclusion is that the claimants seek to recover damages for not being allowed to perform work which was in excess of the authority conferred upon the Secretary of the .Treasury to contract for; that the defendants would not be liable for the work if it had been performed, and consequently are not liable for damages founded upon it.
Peck, J., was absent when this case was heard, and took no part in the decision.